**John L. MARENO, Plaintiff–Appellant,**

v.

**MADISON SQUARE GARDEN, L.P., Defendant–Appellee.**

No. 01–7031.

United States Court of Appeals, Second Circuit.

Oct. 23, 2001.

Andrew D. Himmell, Esq., Sklover, Himmel & Bernstein, LLP, New York, NY, for appellant.

Katharine H. Parker, Esq.; Julie F. Sitler, on the brief, Proskauer Rose, LLP, New York, NY, for appellee.

Present JOHN M. WALKER, JR., Chief Judge, MESKILL, Circuit Judge,

and KOELTL, District Judge.[1]

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of said district court be and it hereby is AFFIRMED.

Appellant John L. Mareno ("Mareno" or plaintiff) appeals from the November 29, 2000 order of the United States District Court for the Southern District of New York (Francis, *M.J.*) denying his *pro se* motion to vacate a stipulation and order of dismissal entered October 6, 2000.

Mareno filed suit against Defendant–Appellee Madison Square Garden ("MSG" or defendant) in April 1998 in the United States District Court for the Southern District of New York alleging discrimination on the basis of age in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*, and the New York Human Rights Law, New York Exec. Law § 290 *et seq.* After approximately two years of trial preparation and settlement discussions, Magistrate Judge Francis held a final pre-trial conference on October 6, 2000, which resulted in an eight-page Settlement Agreement and General Release. Thereafter, Mareno requested, by a letter dated October 12, 2000 to the district court, that the settlement be declared "null and void." Magistrate Judge Francis held a hearing on November 27, 2000 during which he denied plaintiff's *pro se* motion, treated on appeal as a Rule 60(b) motion, to vacate the stipulation and dismissal order. *See* Fed.R.Civ.P. 60(b).

On appeal, Mareno argues that the district court abused its discretion in denying his Rule 60(b) motion, arguing that he was given insufficient time to consider the settlement agreement in violation of the Older Workers Benefit Protection Act ("OWBPA"), 29 U.S.C. § 626(f)(2). We review a district court's ruling on a Rule 60(b) motion for abuse of discretion. *Rodriguez v. Mitchell*, 252 F.3d 191, 200 (2d Cir.2001). Rule 60(b) provides that a district court may relieve a party from a final judgment for five enumerated reasons, none of which are relevant here, or "(6) any other reason justifying relief from the operation of the judgment." Fed.R.Civ.P. 60(b). However, relief pursuant to subsection (6) is only warranted under "extraordinary circumstances" or to prevent "extreme and undue hardship." *DeWeerth v. Baldinger*, 38 F.3d 1266, 1272 (2d Cir.1994).

The OWBPA provides, in pertinent part, as follows:

A waiver in settlement of a charge filed with the Equal Employment Opportunity Commission, or an action filed in court by the individual or the individual's representative, alleging age discrimination ... may not be considered knowing and voluntary unless at a minimum—(A) subparagraphs (A) through (E) of paragraph (1) have been met; and (B) the individual is given a reasonable amount of time within which to consider the settlement agreement.

29 U.S.C. § 626(f)(2). It is undisputed that the requirements of subparagraphs (A) through (E) were met in this case. With respect to the reasonable time requirement, the EEOC regulations provide that the "term 'reasonable [amount of] time within which to consider the settlement agreement' means reasonable under all the circumstances, including whether the individual is represented by counsel or has the assistance of counsel." 29 C.F.R.

**1.** The Honorable John G. Koeltl of the United States District Court for the Southern District of New York, sitting by designation.

**76**

§ 1625.22(g)(4). While there is some authority for the proposition that the OWBPA does not apply to a judicially-supervised stipulated settlement, *see Manning v. N.Y. Univ.*, No. 98–CIV–3300, 2001 WL 963982, at *10–11 (S.D.N.Y. Aug.22, 2001), it is unnecessary to reach that issue because it is plain that Magistrate Judge Francis did not abuse his discretion in finding that the requirements of 29 U.S.C. § 626(f)(2) are satisfied in this case.

In support of his Rule 60(b) motion, Mareno failed to demonstrate "extraordinary circumstances" or "extreme and undue hardship." Magistrate Judge Francis determined that plaintiff had knowingly and voluntarily entered into the settlement agreement and that he had ample time to consider the agreement's terms. Notably, Magistrate Judge Francis concluded that the parties had discussed settlement for almost two years prior to the final pre-trial conference on October 6, 2000 and that plaintiff was familiar with all of the material terms of the settlement agreement prior to that conference except for the final dollar amount. In addition, Magistrate Judge Francis observed that plaintiff actively participated in the settlement discussions and was able to discuss each of the settlement terms in detail with his attorney. Under these circumstances, Magistrate Judge Francis's conclusion that relief was not warranted under Rule 60(b) was not an abuse of discretion. Accordingly, the district court's order denying plaintiff's motion to vacate the stipulation and order of dismissal is AFFIRMED.